UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shamar Rashi Hines, #20668-057,<br><br>        Petitioner,<br><br>vs.<br><br>John R. Owens, Warden, FCI Williamsburg,<br><br>        Respondent. | ) C/A No. 4:10-2843-RBH-TER<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

Petitioner, Shamar Rashi Hines ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas corpus relief.[1] Petitioner is an inmate at Federal Correctional Institution (FCI) Williamsburg, in Salters, South Carolina.

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1

by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**Background**

Petitioner indicates that he was sentenced to three hundred seventy-five (375) months imprisonment by the United States District Court for the Middle District of North Carolina, Greensboro Division, on November 27, 2001, for the offenses of felon in possession of firearm, distribution of cocaine, and possession with intent to distribute cocaine base (crack). *See* Petition, page 3; ECF No. 1 at 3. Petitioner filed a direct appeal of his conviction and sentence, which were affirmed by the United States Court of Appeals for the Fourth Circuit. *See United States v. Hines*, No. 01-5011, 50 Fed. Appx. 130 (4th Cir. November 8, 2002). Petitioner filed a motion in the sentencing court to vacate his sentence under 28 U.S.C. § 2255 on March 19, 2004. *See United*

2

*States of America v. Hines*, No. 1:01-cr-239-WLO (M.D.N.C.)(ECF No. 70). Petitioner's § 2255 motion was denied, and the action dismissed, on October 18, 2004. *Id.* at ECF No. 78. Petitioner sought authorization from the Fourth Circuit, pursuant to 28 U.S.C. § 2244, to file a second or successive § 2255 motion, which was denied on February 9, 2006. *Id.* at ECF No. 80. *See In Re: Shamar Rashi Hines*, No. 06-227, (4th Cir. February 9, 2006). Petitioner once again sought authorization from the Fourth Circuit, pursuant to 28 U.S.C. § 2244, to file a second or successive § 2255 motion, which was again denied on September 13, 2010. *Id.* at ECF No. 85. *See In Re: Shamar Rashi Hines*, No. 10-241 (4th Cir. September 13, 2010).

Petitioner now files the instant habeas petition, pursuant to 28 U.S.C. § 2241, alleging that he "is now actually innocent of his conviction and enhanced sentence in light of the recent Supreme Court Carachuri-Rosendo and Watson decisions." *See* Petition, page 5, ECF No. 1 at 5. Petitioner alleges that he "received an enhanced sentence under the statutory provisions of [21 U.S.C. §] 841 for having 2 prior convictions [;] now under recent Supreme Court authority, these 2 priors no longer qualify as valid predicates [;] [a]s such, petitioner is now actually innocent of his conviction and enhanced sentence that was imposed under the statutory provisions of 841." *Id.* at 8, ECF No. 1 at 8. Thus, Petitioner claims that he should not have been deemed a career offender and seeks to have this Court "vacate [the] original sentence with orders to re-sentence petitioner without the enhanced statutory provisions of 841." *Id.* at 8, ECF No. 1 at 8.

## **Discussion**

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 805 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Further, a § 2255

3

motion must be brought in the sentencing court. In contrast, a writ under § 2241 by a federal prisoner "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention,'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 U.S. Dist. LEXIS 30655 at *3 (D.S.C. April 7, 2009), and must be brought against the warden of the facility where the prisoner is being held. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).[2] Because Petitioner is incarcerated in the District of South Carolina, this § 2241 petition was properly filed in this Court. However, a threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241, **only if** the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e). *See also Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit Court of Appeals, in *In re Jones*, 226 F.3d 328 (4th Cir.2000), set forth the test to determine whether a §2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping

---

2  A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. *Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 2006 U.S. Dist. LEXIS 30237 at *3 (D.S.C. 2006).

provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-334.

In the instant action, Petitioner provides no factual information to demonstrate that the conduct, for which he was convicted, has been deemed non-criminal. Instead, Petitioner alleges that a recent Supreme Court decision, *Carachuri-Rosendo v. Holder*, 560 U.S. ----, 130 S. Ct. 2577 (2010), renders Petitioner's classification as a career offender improper. Specifically, Petitioner claims that his prior state convictions and sentences, if analyzed under *Carachuri-Rosendo*, do not qualify as predicate offenses. Thus, Petitioner appears to allege that the "savings clause" should be invoked, because he is "actually innocent" of a sentence enhancement. However, the reach of the "savings clause" has not been extended to prisoners who challenge only their sentences. *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 U.S. Dist. LEXIS 30655 at *3-4 (D.S.C. April 7, 2009). *See also United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008)("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor."). Thus Petitioner's action, seeking a determination that he is actually innocent of a sentence enhancement, fails to state a cognizable § 2241 claim. *See Riddle v. Mitchell*, C/A No. 9:10-0084-JFA-BM, 2010 U.S. Dist. LEXIS 41055 (D.S.C. April 27, 2010 )(finding improper a § 2241 claim, which contended that the petitioner's enhancement for failure to stop for a blue light no longer qualified as a violent offense); *James v. Stansberry*, C/A No. 3:08CV512, 2009 U.S. Dist. LEXIS 9760 (E.D. Va. Feb. 9, 2009). *Cf. United States v. Williams*, 09-7617, 2010 U.S. App. LEXIS 19888 at *4 (4th Cir. 2010)(finding prisoner actually innocent of being an armed career criminal in an appeal of an order denying § 2255 relief); *United States v. Pettiford,* 606 F.3d 156 (4th Cir 2010)(Actual innocence applies in the context of habitual offender

5

provisions only where the challenge to eligibility stems from uncontested actual innocence of the predicate crimes, and not from the classification of the predicate crimes.)

**Recommendation**

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III.  
United States Magistrate Judge

December 8, 2010  
Florence, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).