IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Shamar Rashi Hines, | ) | Civil Action No.: 4:10-cv-02843-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John R. Owens, *Warden*, | ) | |
| FCI-Williamsburg, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, a federal prisoner proceeding *pro se*, brought this suit pursuant to 28 U.S.C. § 2241. This matter is now before the court with the [Docket Entry 13] Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III,[1] filed on December 8, 2010. In the R & R, the Magistrate Judge recommended that "the petition for a writ of habeas corpus in the above-captioned case [should] be dismissed *without prejudice* and without issuance and service of process upon the Respondent." R & R at 6. Petitioner timely filed objections to the R & R on December 20, 2010.[2]

**Background**

In his [Docket Entry 1] § 2241 Petition, Petitioner indicates that the United States District Court for the Middle District of North Carolina sentenced him to 375 months imprisonment on November 27, 2001, for the offenses of felon in possession of a firearm, distribution of cocaine base (crack cocaine), and possession with intent to distribute crack cocaine. *See* § 2241 Petition at 3; *see*

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

*also United States v. Hines*, 50 F. App'x 130, 131 (4th Cir. Nov. 8, 2002). Petitioner filed a direct appeal of his conviction and sentence, which were ultimately affirmed by the United States Court of Appeals for the Fourth Circuit. *See Hines*, 50 F. App'x 130. Subsequently, as set forth in the R & R, Petitioner unsuccessfully sought relief through a § 2255 motion, and has twice been denied authorization from the Fourth Circuit to file a second or successive § 2255 motion. R & R at 2-3.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th

Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)).  However, when "§ 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to . . . § 2241[]." *Vial*, 115 F.3d at 1194 (citing 28 U.S.C. § 2255).

The Fourth Circuit has set forth the circumstances in which a § 2241 petition may be used to attack the legality of a conviction.  Specifically, § 2255 is inadequate or ineffective, and § 2241 may be utilized, when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).  Importantly, however, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Vial*, 115 F.3d at 1194 n.5; *see also Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").

In the case at bar, while Petitioner argues in his objections that he is challenging his "conviction," it appears that he is challenging only his penalty or sentence enhancement under 21 U.S.C. § 841(b).[3]  Specifically, Petitioner argues that after a recent Supreme Court decision,

---

[3] Section 841(a)(1) makes it a crime to "knowingly or intentionally . . . manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Section 841(b), on the other hand, "establishes the penalties for violations of § 841(a)." *United States v. Reid*, 523 F.3d 310, 314 n.2 (4th Cir. 2008); *see also United States v. Promise*, 255 F.3d 150, 171 (4th Cir. 2001) (Lutting J., concurring) ("Congress expressly distinguished the conduct it criminalized in section 841(a) from the punishments that it prescribed for commission of the unlawful acts in section 841(b) . . . ."). Petitioner repeatedly, but mistakenly, argues that he is challenging his "conviction" under § 841(b)(1)(A).

3

*Carachuri-Rosendo v. Holder*, 560 U.S. ----, 130 S. Ct. 2577 (2010), he no longer has the two requisite predicate drug offenses under § 841(b)(1)(a). Therefore, Petitioner seeks "relief under 2241 from his enhanced sentence." Obj. at 2. Because Petitioner attacks the validity of his sentence, his claim is the type that normally should be brought under § 2255. Accordingly, Petitioner's § 2241 action is barred unless he can show that § 2255's "savings clause" applies to his claim. However, as the Magistrate Judge correctly found, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also Jones*, 226 F.3d at 333-34 (outlining the circumstances in which "§ 2255 is inadequate and ineffective to test the legality of a *conviction*") (emphasis added); *White v. Rivera*, No. 3:08-3681, 2009 WL 1456712, at *4 (D.S.C. May 21, 2009) ("[T]he Fourth Circuit has also noted that the savings clause does not give inmates who are only challenging their sentences, not their convictions, recourse under § 2241."). Petitioner has set forth no factual information to demonstrate that the conduct, for which he was *convicted*, has been deemed non-criminal. Accordingly, Petitioner's claim is insufficient to invoke § 2255's "savings clause," and as such, Petitioner is barred from pursuing this § 2241 claim.

## Conclusion

The court has thoroughly reviewed the R & R, objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court overrules all of Petitioner's objections

---

However, Petitioner does not set forth any facts that demonstrate, nor does he even contend, that he did not commit the acts that violated § 841(a). Rather, Petitioner argues only that he does not have the requisite amount of predicate offenses to support his sentence enhancement. *See* § 2241 Petition at 8 ("Petitioner received an enhanced sentence under the statutory provisions of 841 for having <2> prior convictions now under recent supreme court authority, these <2> priors no-longer qualify as valid predicates.").
Accordingly, while Petitioner repeatedly couches his argument in terms of a "conviction," he appears to be challenging only the designation of his predicate offenses that lead to his enhanced sentence.

4

and adopts and incorporates by reference the R & R of the Magistrate Judge. Accordingly, Petitioner's petition for a writ of habeas corpus in the above-captioned case is **DISMISSED** *without prejudice* and without issuance and service of process upon the Respondent.

**IT IS SO ORDERED.**

                    s/R. Bryan Harwell
                    R. Bryan Harwell
                    United States District Judge

Florence, South Carolina
January 7, 2011